[ORAL ARGUMENT HELD MARCH 14, 2025]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| MICHAEL MUIR, | ) | |
| | ) | |
| *Petitioner,* | ) | |
| | ) | |
| v. | ) | No. 22-1318 |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HOMELAND SECURITY; UNITED | ) | |
| STATES TRANSPORTATION | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| *Respondents.* | ) | |

**PETITIONER'S COMBINED MOTION FOR DETERMINATION OF
VENUE & MOTION FOR LEAVE TO FILE CONCURRENTLY AN
INESCAPABLY-INTERTWINED RELATED ACTION**

Pursuant to Federal Rule of Appellate Procedure 27, Pro Se Petitioner

Michael Muir ("Muir") respectfully moves for a determination of venue and also

respectfully moves for leave to file, simultaneously and concurrently in this court

of appeals and in the United States District Court for the District of Columbia, a

related Federal Tort Claims Act ("FTCA") action.

## INTRODUCTION

In light of the U.S. Environmental Protection Agency successfully moving

this court to determine venue in *Natural Resources Defense Council v. U.S. EPA*,

673 F.2d 392 (1980), Muir moves for a determination that venue for his related

FTCA action based on the same operative facts as the instant petition is proper in the United States District Court for the District of Columbia instead of the United States District Court for the Eastern District of Virginia because: (1) Muir's FTCA complaint rests on 81 FR 11364, promulgated by the Department of Homeland Security ("DHS") and the TSA, and enforced by the TSA Administrator, (2) the TSA Administrator has an office in Virginia, but also works in Washington D.C., (3) the DHS is headquartered in Washington D.C., (4)  the TSA Administrator published in the federal register, with nationwide applicability, the challenged final rule, which included policy decisions made in Washington D.C., and (5) the decisions made regarding artificial intelligence use in the challenged final rule, which ultimately affected and affect Muir's treatment at every airport where TSA has deployed AIT, are not entitled to the discretionary function exception.

In sum, the majority of acts and omissions that caused Muir's injury on December 1, 2022 occurred in Washington D.C. Therefore, pursuant to the jurisdictional grant in Section 46110, this court should confirm concurrent jurisdiction and also confirm venue for Muir's related FTCA action in the District of Columbia because: (1) the inescapably-intertwined instant petition for review was filed first in this court of appeals, and (2) comprehensive disposition can only be achieved through the coordination, under wholly-federal concurrent jurisdiction, of this court and the United States District Court for the District of Columbia.

## ARGUMENT

Due to the wholly-federal concurrent jurisdiction created by (in a FTCA suit pursuant to 28 U.S.C. §§ 2671 et seq. which also includes operative facts inescapably-intertwined with a TSA SOP) simultaneous statutory grants of exclusive jurisdiction in the district courts pursuant to 28 U.S.C. § 1346(b)(1) and, at the same time, the courts of appeals pursuant to 49 U.S.C. § 46110, see *Merritt II*, 245 F.3d at 187, 188; *City of Tacoma,* 357 U.S. 320, 336, 339 (1958), this court should confirm the United States District Court for the District of Columbia as the proper venue for Muir's related FTCA claim and accept concurrent jurisdiction of the Section 46110 aspects of Muir's FTCA claim which are inescapably-intertwined with the TSA SOP currently under review in the instant petition.

Six months have passed since Muir filed his claim with Respondent TSA and Muir is now authorized to commence his suit pursuant to 28 U.S.C. § 2675(a), but due to the consistent interpretation of 49 U.S.C. § 46110 by the courts, Muir's FTCA claims are inescapably-intertwined with a TSA SOP and therefore cannot be heard in the district court, meaning Muir cannot pursue his lone action remedy for money damages, which Congress could not have intended. The only possible solution is wholly-federal concurrent jurisdiction in this court of appeals in coordination with the district court and pursuant to the FTCA, which creates the right of action and provides the rules of decision.

3

## I.     Concurrent Jurisdiction

*Colorado River* rested on "considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colo. River, 424 U.S. at 817* (internal quotation marks omitted), *Edge Inv., LLC v. District of Columbia*, 927 F.3d 549, 554, n. 5 (D.C. Cir. 2019).

Here, the strong presumption in favor of the exercise of federal jurisdiction and the clear jurisdictional grant by two controlling and overlapping statutes results in wholly-federal concurrent jurisdiction over Muir's FTCA claim, and both the district courts and the courts of appeals may legitimately exercise power to regulate the events that transpired on December 1, 2022 because in theory, "[c]oncurrent jurisdiction does not necessarily entail conflicting jurisdiction" and "[t]he mere existence of dual grounds of prescriptive jurisdiction does not oust either one of the regulating forums. Thus, each forum is ordinarily free to proceed to a judgment". See *Laker Airways Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 926 (D.C. Cir. 1984).

Therefore, because comprehensive disposition of Muir's related claims is best achieved within the District of Columbia through the coordination of this court of appeals with the United States District Court for the District of Columbia, this court should assume concurrent jurisdiction over Muir's inescapably-intertwined FTCA action pursuant to § 46110, *Colorado River* and *Merritt II.*

4

## II.    Venue

Muir's instant petition for review is properly venued in this court pursuant to 49 U.S.C. § 46110. And, assuming *arguendo* that, in a related FTCA action, Defendant United States could contest placing venue in the United States District Court for the District of Columbia, the doctrine of pendent venue "permits a court to hear causes of action not properly venued in its district when they are joined in a suit with a cause of action that is properly there." *Gardner v. Mabus,* 49 F. Supp. 3d 44, 48 (D.D.C. 2014); *Rivera v. Austin*, 2024 U.S. Dist. LEXIS 150121.

Because Muir's instant and inescapably-intertwined petition for review is already venued in the District of Columbia, and because of (1) the jurisdictional grant to this court in 49 U.S.C. § 46110, (2) the highly-sensitive nature of the already-produced classified record at issue, and (3) the filing of Muir's petition first in this court, this court should preemptively hang pendent venue in the United States District Court for the District of Columbia for Muir's related FTCA action.

In sum, there is no reason for Muir to file his related FTCA action in the district court if the district court cannot consider it due to inescapable-intertwinement with a TSA SOP, and out of respect for the court's and Muir's time, and in the interest of the efficient administration of justice, Muir asks this court to consider the inescapable-intertwinement issue now, while Muir's related instant petition for review of the relevant TSA SOP is ongoing in Section 46110.

## CONCLUSION

For the foregoing reasons, Muir respectfully requests that this court confirm venue in the United States District Court for the District of Columbia for Muir's related FTCA action, or in the alternative, hang pendent venue for Muir's related FTCA action in the United States District Court for the District of Columbia and also assume concurrent jurisdiction over the aspects of his related FTCA action which are inescapably–intertwined with the TSA SOP and grant him leave to file his related FTCA action simultaneously in both the United States District Court for the District of Columbia and this court of appeals.

Dated: June 23, 2025

By: MICHAEL MUIR, *PRO SE*

Michael Muir
19 Inglewood Lane
Bloomington, IL 61704
(712) 309-6121
muirone@yahoo.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion satisfies the type-volume limitation in Rule 27(d)(2)(A) because it contains 1,171 words, and complies with the typeface and type-style requirements of Rule 32(a)(5),(a)(6) because it was prepared using Microsoft Word 2010 in proportionally spaced Times New Roman 14-point font.

6

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Cir. Rule 27(a)(4), Petitioner hereby certifies as follows:

A) Parties and Amici: The parties in this case are Petitioner Michael Muir and Respondents United States Department of Homeland Security ("DHS") and United States Transportation Security Administration ("TSA"). The Court has appointed William R. Weaver, Jenner & Block LLP, 1099 New York Avenue, NW, Suite 900, Washington, DC 20001, as amicus curiae.

B) Rulings Under Review: Final promulgation of 49 C.F.R. § 1540.107(d), a DHS/TSA order issued March 3, 2016 (81 FR 11364).

C) Related Cases: There are no related cases in any other United States court of appeals or any other court in the District of Columbia.

Align top of FedEx Express® shipping label here.

ORIGIN ID:BMIA (712) 309-6121
MICHAEL MUIR
19 INGLEWOOD LN

BLOOMINGTON, IL 61704
UNITED STATES US

**CLERK**
**US COURT APPEALS DC CIRCUIT**
**333 CONSTITUTION AVE. NW**

**WASHINGTON DC 20001**

SHIP DATE: 23JUN25
ACTWGT: 0.45 LB
CAD: 6570102/ROSA2E30

(000) 000-0000



**FedEx**
Express

**E**

WED – 25 JUN 5:00P
** 2DAY **

8822 4400 2065

**SP TSGA**

20001
DC-US    IAD

Envelop

**Recycle n**